**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIC R. SMITH, #605863,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0691-H** |
| | ) | **ECF** |
| **C. PORTER, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a state inmate pursuant to 42

U.S.C. § 1983.

Parties:  Plaintiff is presently incarcerated at the Michael Unit of the Texas Department

of Criminal Justice, Correctional Institutions Division in Tennessee Colony, Texas.  Defendants

are DART Officers C. Porter and R. Lozano, the Dallas County Jail, and the John Sealy Medical

Contractor.

The Court did not issue process in this case, pending preliminary screening.  On April 21,

2006, the Court issued a questionnaire to Plaintiff, who filed his answers on May 23, 2006.  In

answer to Question 7, Plaintiff names the Dallas County Jail in lieu of the Dallas County Sheriff

Department.  On August 24 and again on September 7, 2006, the Court issued supplemental

questionnaires to Plaintiff, who filed his answers thereto on September 5 and October 5, 2006.

Statement of Case:  The complaint alleges that on June 17, 2004, DART Officers Porter and Lozano used excessive force on Plaintiff "by grabbing and twisting [his] arms in unnatural positions [and] then handcuffing [him]."  According to Plaintiff, the above actions caused him to fall more than twenty feet from a DART rail-platform, which resulted in a broken wrist and concussion, and "knocked the air from" him.  In addition to using excessive force, the complaint alleges that Porter and Lozano were deliberately indifferent to Plaintiff's medical needs when they refused to bring him to a hospital and instead transported him to the Dallas County Jail. During his pre-trial confinement, the complaint alleges the Dallas County Sheriff  Department and the John Sealy Medical Contractor were deliberately indifferent to his broken wrist. Plaintiff requests compensatory and punitive damages, and declaratory relief.  (Complaint at 4).

Following his arrest, Plaintiff was charged in a Dallas County criminal district court with assault on a public servant, for which he was sentenced to ten years probation in Cause No. F04-19617.  (Answer to Question 2).  Plaintiff's probation was subsequently revoked and he was sentenced to three years imprisonment on January 6, 2005.  (Answer to Suppl. Question No. 1). Plaintiff was also charged with indecent exposure and evading arrest in County Criminal Court #9, for which he was sentenced to 120 days in jail.  Plaintiff concedes the above charges arise out of the circumstances of his arrest by the DART officers sued in this case.  (Answer to Question 3).

Following is a time line of the events leading to the alleged use of force and ensuing arrest as set out in Plaintiff's answers to the questionnaires:

While Plaintiff was riding home on a DART Transit Train, Officer Porter accused him of exposing himself.  (Answer to Second Supplemental Question No. 1).  Although Plaintiff

concedes that he was wearing shorts that were too big and that he was sitting with his legs open, he denies exposing himself.  (Id.).  At the next stop, Plaintiff got up from his sit and walked off the train.  (Id.).  Officer Lozano immediately ran up to him trying to restrain him.  (Id.).  Plaintiff asked if Porter and Lozano were both police officers, since neither of them had shown any badge or other identification.  (Id.).  Plaintiff explains that he was scared "because both of them had something in their hand.  I didn't know if it was a gun or a knife."  (Answer to Second Supplemental Question No. 4).  A struggle ensued as soon as Officer Lozano attempted to handcuff Plaintiff.  (Id.).  Lozano allegedly twisted Plaintiff's arm in unnatural positions.  (Id.).  In an attempt to protect himself, Plaintiff states he "swung" his backhand and hit Lozano on the side of his head.  (Answer to Second Supplemental Question Nos. 2, 3 and 5).  In return, Lozano allegedly "swung" at Plaintiff causing him to fall twenty feet from a DART rail-platform. (Answer to Second Supplemental Question Nos. 1, 3 and 5).  The fall allegedly broke Plaintiff's right wrist in addition to the concussion and other bruises alleged in the complaint.  (Id., and Complaint at 3-4).

Findings and Conclusions:  The Court permitted Plaintiff to proceed in forma pauperis. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B) (applicable

to all *in forma pauperis* actions).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The claims against the DART officers for excessive use force are subject to dismissal at the screening stage. Plaintiff's own allegations in answer to the magistrate judge's questionnaires, confirm that only Officer Lozano used force against him. Officer Porter's involvement is limited to the indecent-exposure accusation on the DART train. Accordingly, any claim for excessive force against Officer Porter is groundless and should be dismissed as frivolous

The excessive force claim against Officer Lozano fares no better. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

The question this Court must answer in evaluating Plaintiff's claim is whether a finding that Defendant Lozano's use of force was objectively unreasonable would necessarily call into question the validity of Plaintiff's conviction for assault on a public servant. *Ballard v. Burton*, 444 F.3d 391, 398 (5th Cir. 2006) (discussing *Heck* in the context of a Mississippi simple assault

4

conviction and alleged excessive use of force by arresting officer).  If it is possible for Plaintiff

to have assaulted Officer Lozano and for Lozano's use of force to have been objectively

unreasonable, then *Heck* does not bar Plaintiff's claim.  *Id.*

In *Arnold v. Town of Slaughter*, 100 Fed. Appx. 321 (5th Cir. 2004) (unpublished *per curiam*), the Fifth Circuit summarized its prior decisions holding that a plaintiff's excessive force claim was barred by *Heck* because it would have implied the invalidity of plaintiff's aggravated assault conviction on a public servant.

> [W]e have held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct.  *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).  We reached this holding after determining that Texas law permits an officer to use any force – even deadly force – to protect against an aggravated assault.  *Sappington*, 195 F.3d at 237.  Because any force was justified in response to an [aggravated] assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault.  *Id.*

*Id.* 100 Fed. Appx. at 323.

This case did not involve a conviction for aggravated assault.  Nevertheless, "'the *Heck* determination depends on the nature of the offense and of the claim,'"  alleged in the complaint. *Ballard*, 444 F.3d at 401 (quoting *Arnold*, 100 Fed. Appx. at 323).  Therefore, this Court must "analyze the circumstances attendant to the conviction and carefully compare them with the allegations in the § 1983 complaint" and the answers to the magistrate judge's questionnaires. *Id.* at 400.

Plaintiff was convicted of assault on a public servant under Texas Penal Code § 22.01. The elements of this crime include intentionally, knowingly, or recklessly causing bodily injury to another while knowing that the person is a public servant lawfully discharging an official duty. The Texas Penal Code further establishes guidelines regarding when the use of force is

justified by an arrestee:  The use of force against another is not justified to resist an arrest or search that the actor knows is being made by a peace officer, even though the arrest or search is unlawful, unless (1) before the actor offers any resistance, the peace officer uses or attempts to use greater force than necessary to make the arrest or search; and (2) the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's use or attempted use of greater force than necessary.  Tex. Penal Code § 9.31(c).

In this case, a struggle ensued as soon as Officer Lozano tried to restrain Plaintiff. Officer Lozano allegedly grabbed and twisted Plaintiff's arms in unnatural positions in an attempt to handcuff him.  In protecting himself, Plaintiff allegedly hit Officer Lozano on the side of his head, which is the basis for his conviction for assault on a public servant.  (Answer to Second Suppl. Question 2).  Officer Lozano then swung at Plaintiff allegedly causing him to lose his balance and fall more than 20 feet from a DART rail-platform.  These facts, if proved, would call into question Plaintiff's conviction for assault on a public servant, including any a claim of self-defense – namely that Plaintiff assaulted Officer Lozano, a public servant, by swinging his backhand and hitting the side of the Officer's head, in response to the Officer's use of excessive force.  *See* Tex. Penal Code Ann. § 9.31(c)(1) (Vernon Supp. 2006) (use of force to resist an arrest is justified only if, inter alia, the arresting officer uses "greater force than necessary" "*before* the actor offers any resistance"); *Letson v. State*, 805 S.W.2d 801, 805 (Tex.App.--Houston [14th Dist.] 1990, no pet.) (defendant required to show excessive force on part of police officer before justification of self-defense is available).[1]

---

[1]     Plaintiff's complaint states that the alleged use of force -- "grabbing and twisting my arms in unnatural positions [and] then handcuffing me" -- caused him to fall from the rail platform and injure himself.  (Complaint at 3).  In answer to the questionnaires, Plaintiff does not

Plaintiff claims that neither Officer Porter nor Officer Lozano showed a badge or other identification establishing that they were police officers.  (Answer to Second Suppl. Questions 1-4).  This claim is patently frivolous.  Texas Penal Code § 22.02 (Vernon Supp. 2006) states that "[t]he actor is presumed to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer."  The complaint in this case identifies both Porter and Lozano as DART Police Officers (Complaint at 3-4), which according to the DART website are uniformed, peace officers licensed by the State of Texas.  *See* http://www.dart.org/DARTPolice.asp.

Therefore, the excessive force claim at issue in this case implicates the validity of Plaintiff's conviction for assault on a public servant and, as such, is barred by *Heck*.  The District Court should dismiss this claim with prejudice as frivolous to its being asserted again until the *Heck* conditions are met.  *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting that the preferred way to dismiss a claim for monetary damages barred by *Heck* should read as follows:  Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a §

_____

specify when his arms were handcuffed, whether before or after the fall.  However, he confirms hitting Officer Lozano's head with his hand before the fall, which could not have been done if both hands had been handcuffed.  (Answer to Second Suppl. Question 2).  Regardless of when the handcuffing occurred, it is clear that the unreasonble use of force -- the grabbing and twisting of the arms in unnatural positions -- occurred before Plaintiff was handcuffed.

Thus, this case is clearly distinguishable from a scenario where the alleged use of force occurred after the handcuffing of the arrestee.  *See Howard v. City of Kerrville, Texas*, 2006 WL 1073461, *3 (W.D. Tex. 2006) (declining to dismiss on the basis of *Heck* because there was the possibility that the arresting officers used excessive force *after* the arrestee resisted arrest, or that they *continued* to use unreasonable force after they handcuffed and subdued the arrestee).

7

1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).[2]

Next Plaintiff seeks to sue the DART officers for refusing to take him to a hospital to address his emergency medical needs, and for transporting him instead to the Dallas County Jail. According to Plaintiff, the above conduct amounted to deliberate indifference to his serious medical needs.

The above allegations do not raise to an actionable constitutional claim. Plaintiff has not alleged acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).[3] Nor does he allege that either officer subjectively knew of and disregarded a substantial risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994). As a matter of fact, Plaintiff concedes suffering at the most from a broken wrist, cuts on his arm, and possibly a concussion. (Complaint at 3, and Answer to Question 9). He also concedes that the DART officers immediately took him to the Dallas County Jail following his arrest. (Answer to

---

[2]      In *Clarke v. Stalder*, 154 F.3d 186, 190-191 (5th Cir.1998) (en banc), the Fifth Circuit held that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the *Heck* rule. *Williams v. Cleer*,123 F. Appx. 591, *593 (5th Cir. 2005) (unpublished per curiam) followed *Stadler* to dismiss a damages claim as barred by *Heck* without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside. Since unpublished opinions are not binding precedent, the Court declines to follow *Williams v. Cleer* in this case*.*

[3]      As set out in footnote 5 *infra* the deliberate indifference standard to serious medical needs applies equally to arrestees, pre-trial detainees or convicted inmates.

Question 6).  Therefore, this claim lacks an arguable basis in law and should be dismissed with prejudice as frivolous.[4]

Lastly, Plaintiff seeks to sue the Dallas County Jail and/or the Dallas County Sheriff Department for failing to supervise the John Sealy Medical Contractor, who according to Plaintiff was deliberately indifferent to his broken wrist, cuts on his arm, and concussion during his seven-month confinement at the Dallas County Jail.[5]

Any claims against the Dallas County Jail and the Dallas County Sheriff Office are subject to dismissal at the screening stage.  It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.*  Plaintiff has failed to show that either the Dallas County Jail or the Dallas County Sheriff's Office has ever been granted the capacity to sue or be sued and, as such, they should be dismissed with prejudice as frivolous.

---

[4]      In answer to the second supplemental questionnaire, Plaintiff claims for the first time that the fall from the DART platform caused him to break his right hip in addition to his wrist.  (Answer to Second Supplemental Question No. 1).  This allegation is wholly unsupported and self serving.  Therefore, the Court will not permit Plaintiff to amend his original complaint at the present time to allege an injury to his right hip.

[5]      It is unclear whether Plaintiff exhausted his administrative remedies at the Dallas County Jail in connection with the alleged denial of medical care.  Nevertheless, the Court may dismiss a claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies.  See 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

Similarly, any claim against the John Sealy Medical Contractor, which is run by the University of Texas Medical Branch (UTMB), should be dismissed with prejudice as frivolous. UTMB is an agency of the State of Texas. *See Sampson v. United States*, 73 Fed.Appx. 48, 49, 2003 WL 21919906, *1 (5th Cir. 2003) (unpublished per curiam); *O'Rourke v. United States*, 298 F.Supp.2d 531, 535-536 (E.D.Tex. 2004); *Broughton v. Bowles, et al.*, 3:04cv1310-L (N.D. Tex., Dallas Div., Dec. 30, 2004) (adopting findings, conclusions and recommendation of the magistrate judge). As such, it is immune to suit in federal court under the Eleventh Amendment of the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (the Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or injunctive relief is sought); *see also Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003).

Alternatively Plaintiff's claims for deliberate indifference to his medical needs lack an arguable basis in law and should be dismissed with prejudice as frivolous. To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994).[6]

Plaintiff disagrees with the type of treatment that he received.  He alleges the Dallas County Jail failed to provide any treatment for the excruciating pain in his wrist.  (Complaint at 4A).  He concedes, however, that one month following his arrest, his wrist was x-rayed and that during a teleconference with doctors from John Sealy Hospital, it was determined that no treatment was necessary for the fracture in his wrist.  (Answer to Question 9).  Plaintiff now complains that his wrist was permitted to heal in a "crooked fashion," that it still causes him pain, and that the range of motion in his wrist is limited.  (Complaint at 4A and Answer to Question 9).

A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice appropriately addressed under state law.  *E.g. Estelle*, 429 U.S. at 107-108; *Norton*, 122 F.3d at 292; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Insofar as Plaintiff complains of delay in taking the x-ray of his wrist, his claim likewise fails to raise a constitutional violation.  Delay in providing medical care does not give rise to an eighth amendment violation unless the deliberate indifference of the medical staff results in substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Although Plaintiff

---

[6]        Although Plaintiff was a pretrial detainee during some of the events in question, the same standard applies to his claims of denial of medical care under the Due Process Clause of the Fourteenth Amendment.  *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).  "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care.  *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001).

may have suffered from a broken wrist, lacerations in his arm and a concussion, it is self evident

that his injuries were not life threatening.  Plaintiff's own allegations concede that he has healed

from all conditions, except for the fact that his wrist may have healed in a "crooked fashion."

Under these circumstances, Plaintiff's claim of delay in providing medical care does not amount

to a constitutional violation.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's excessive force claim

against Defendant Lozano be DISMISSED with prejudice as frivolous to its being asserted again

until the Heck conditions are met, and that Plaintiff's remaining claims be DISMISSED with

prejudice as frivolous and for seeking monetary relief against a defendant who is immune from

such relief.  See 28 U.S.C. §§ 1915A(b)(1) and (2), and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of October, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.